UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BREE MCCLESKEY, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NUMBER: 1:20-cv-00166 |
| | § | |
| TOLTECA ENTERPRISES, INC. | § | |
| D/B/A THE PHOENIX RECOVERY | § | |
| GROUP, | § | |
| *Defendant*. | § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Bree McCleskey ("Plaintiff" or "McCleskey" herein), brings this action against Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group ("Phoenix" or "Defendant" herein), and will show as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA and TDCA.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendant's violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Bree McCleskey, is an individual who resides in Travis County, Texas.

8. Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group, is a Texas corporation that is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, at the following address:

> Frank Gamboa
> 1045 Cheever Blvd.
> San Antonio, Texas 78230

**FACTUAL ALLEGATIONS**

9. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

10. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes in connection to a residential apartment lease at Georgetown Place Apartments ("alleged debt" herein).

11. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA and a "consumer debt" as that term is defined at §392.001(2) of the TDCA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, a residential lease, that subsequently went into default.

13. Plaintiff has information and belief that the alleged debt was subsequently assigned or transferred to Phoenix as early as 2017 for purposes of collection.

14. Phoenix is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

15. Phoenix is a "third-party debt collector" as defined in § 392.001(7) of the TDCA.

16. On or about November 1, 2019, Phoenix transmitted to Transunion information regarding the alleged debt, which listed the outstanding balance as $11,157.00.

17. On or about January 29, 2020, Phoenix also sent to the undersigned counsel an itemized statement ("Statement" herein) of the alleged debt (The Statement is attached and incorporated by reference as Exhibit A and partially redacted in accordance with FRCP 5.2).

18. The Statement indicated a balance due of $11,157.00, whereby $9990.00, or nearly 90% of the total balance, was for accelerated future rent related to the lease termination. The Statement further encouraged Plaintiff to make a payment for the alleged debt.

19. However, Plaintiff has information and belief that the original creditor/landlord promptly re-let the subject apartment unit shortly after Plaintiff vacated the premises.

20. Under Texas, law, a landlord in a residential lease has a statutory duty to mitigate damages [1]. Consequently, Plaintiff would be entitled to a significant credit towards the alleged debt.

21. Plaintiff has information and belief that the true value of the alleged debt is not more than 50% of the stated amount (and likely much less than 50%).

22. Plaintiff therefore alleges that the credit reporting balance of $11,157.00 to Transunion was false and misleading.

23. The transmission of credit reporting information to Transunion was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

24. The transmission of credit reporting information to Transunion was a form of "debt collection" as that term is defined by §392.001(5).

25. Finally, Phoenix continues to report an incorrect balance of $11,157.00 to at least one credit bureau of Plaintiff, Transunion, which has resulted in actual damages to Plaintiff.

---

[1] **Texas Property Code 91.006**
(a) A landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease.
(b) A provision of a lease that purports to waive a right or to exempt a landlord from a liability or duty under this section is void.

## COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

26. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

27. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

> **(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

28. Plaintiff alleges that the credit reporting to Transunion materially overstated the balance of the alleged debt.

29. Plaintiff therefore violated the TDCA.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. **15 U.S.C. §1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
        (A) the character, amount, or legal status of any debt;**

    **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

32. Phoenix violated sections (2)(A) and (10) of 15 U.S.C. §1692e by a) falsely stating an unpaid balance of $11,157.00 to Transunion, notwithstanding the fact that the unpaid balance was for a materially lower amount.

33. Phoenix further violated section e(8) by transmitting incorrect information related to the amount of the alleged debt to Transunion.

.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

34.  Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction that, at the very least, orders Phoenix to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEY'S FEES

35.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA and TDCA and any other statutory or common law basis.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bree McCleskey, respectfully prays that the Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, as follows:

a.  Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Phoenix to correct the improper reporting of the Alleged Debt on all of the credit bureaus of Plaintiff;

b.  The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code §392.403(a)(2);

c.  The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code §392.403(b);

d.  The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

    e.  The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

    f.  The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

    g.  The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Bree McCleskey*