UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BREE McCLESKEY | * | CIVIL ACTION NO. |
| V. | * | 1:20-CV-00166- |
| TOLTECA ENTERPRISES INC., DBA THE PHOENIX RECOVERY GROUP | * * | |

## DEFENDANT'S ORIGINAL ANSWER

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group ("PRG") who files this Original Answer to Plaintiff's Complaint.

1. ¶1 is a statement of the nature of this case and does not require a specific response. Nonetheless, PRG enters a general denial that it violated the FDCPA and / or the TDCA and says Plaintiff is entitled no relief.

2. ¶2 is a statement about subject matter jurisdiction. PRG reserves the right to claim lack of subject matter jurisdiction.

3. ¶3, PRG does not contest venue.

4. ¶4-6, PRG reserves the right to contest Plaintiff's standing and on information and belief would assert that Plaintiff did not sustain an injury in fact. Consequently, PRG may assert a motion to dismiss for lack of standing, lack of jurisdiction, and lack of a case or controversy under Article III of the Constitution of the United States or for failure to state a claim on which relief may be granted as per Rule 12, FRCP.

5. ¶7, PRG is unable to admit or deny Plaintiff's residence due to insufficient information.

6. ¶8, admitted.

1

7. ¶9, admitted that Plaintiff is a consumer.

8. ¶10-11, admitted that an alleged debt was incurred for goods and service and subject to any claims, defenses and denials does not deny that there is a "debt" as defined by the FDCPA and TDCA, but denies any violation of either or both statutory schemes.

9. ¶12, PRG is unable to admit or deny the allegation due to insufficient information.

10. ¶13, the debt was placed by Plaintiff's creditor for collection and PRG does not own the debt as an assignee or transferee. To that extent, denied.

11. ¶14, admitted that PRG is a debt collector.

12. ¶15, admitted that PRG is a third party debt collector.

13. ¶16, PRG admits that the debt was reported but discovery is needed to verify the amount and date as alleged.

14. ¶17, admitted.

15. ¶18, admitted but unable to admit or deny that it encouraged payment due to insufficient information and the need for discovery in this case.

16. ¶19, Due to insufficient information and the need for discovery, unable to admit or deny when the apartment formerly rented by Plaintiff was leased again.

17. ¶20, admitted that a landlord has a duty to mitigate under Texas Property Code.

18. ¶21, due to insufficient information unable to admit or deny the allegation which also appears to be the statement of an opinion.

19. ¶22, denied, not false, not misleading.

20. ¶23, admitted.

21. ¶24, admitted.

22. ¶25, denied. Denied that Plaintiff was damaged. Denied there was an incorrect reporting.

23. ¶26, same contentions as stated.

24. ¶27, is a statement about the TDCA. No specific admission or denial required.

25. ¶28, denied. Deny any violation of the TDCA, including Ch. 392, section 304.

26. ¶29, denied. The Plaintiff's conclusion is denied and unproven.

27. ¶30, same contentions as stated.

28. ¶31, is a statement about the FDCPA. No specific admission or denial required.

29. ¶32, denied. Deny any violation of the FDCPA including 15 USC 1692e and any subsection thereof.

30. ¶33, denied. Information not incorrect on the debt amount. Deny violation of 15 USC 1692e(8).

31. ¶34, denied. Furthermore, the FDCPA does not provide for injunctive relief. Furthermore, there are no grounds for an injunction. Furthermore, PRG would show that Plaintiff's credit report was corrected. Therefore, the matter is moot and there is no case or controversy to adjudicate.

32. ¶35, no attorney fees are awardable or should be awarded therefore Denied. Furthermore the allegation is vague and ambiguous as to the allegation of "any other statutory or common law basis" as not providing a concise and adequate allegation. Furthermore, deny Plaintiff can "double up" on attorney fees by combining two different statutory schemes, i.e., the FDCPA and the TDCA. PRG says Plaintiff must elect his remedies and is can only obtain one recovery under the one satisfaction doctrine.

33. PRG denies Plaintiff's prayer and contends that Plaintiff should take nothing and his suit should be dismissed with prejudice. Furthermore, PRG would object to Plaintiff attempting to double up on any recovery under the one satisfaction and election of remedies doctrines. Furthermore, there are no grounds for injunctive relief and injunctions are not permitted under the FDCPA. Furthermore the prayer is vague and ambiguous and fails to give fair notice in regard to the allegation of "any other applicable statute or legal basis". That is an insufficient pleading and does not provide fair notice.

### Affirmative Defenses and Pleas

34. PRG alleges the "bona fide" error defense set forth in the FDCPA and/or TDCA.

35. PRG enters a general denial as to each and every allegation of the Plaintiff.

36. PRG would show that it did not intentionally, wilfully, recklessly or knowingly communicate to any person or entity any false or misleading credit or debt information concerning Plaintiff. Any communication of any debt information by PRG was correct but adjusted as information became known to PRG as to the re-letting of Plaintiff's former apartment.

37. PRG would show that it properly investigated the debt and upon doing so came to realize that the apartment was re-let and in view of that information, PRG adjusted or updated Plaintiff's account and credit report. Therefore, PRG acted properly and lawfully under the FDCPA and TDCA.

38. PRG would show that Plaintiff sustained no damages and PRG is not the proximate or producing cause of any damages to Plaintiff.

39. PRG invokes the applicable statutes of limitation under the FDCPA and/or TDCA or any other cause of action Plaintiff may have or may assert, and would show that Plaintiff's claims are

barred by limitations.

40.  PRG would show Plaintiff did not properly, timely or seasonably dispute the debt with PRG and so the debt was assumed to be valid and owed.

41.  PRG would show it corrected and adjusted the debt amount on investigation of the debt amount by contacting the Plaintiff's creditor or by receiving additional updated information from the creditor concerning Plaintiff's debt with his creditor.

42.  PRG would show it is entitled to rely on account information about Plaintiff's debt from Plaintiff's creditor.

43.  PRG would show that it did not act intentionally, knowingly, recklessly or wilfully in regard to the reporting of any debt regarding Plaintiff to any person and would show that Plaintiff did not dispute the debt in the manner and means allowed by the FDCPA and / or TDCA and therefore, PRG did not cause any damage or injury in fact to Plaintiff.

44.  PRG did not knowingly, intentionally, recklessly or willfully communicate any false or misleading credit or debt information about Plaintiff and that any information communicated to any person, including any credit reporting agency, was correct at the relevant time.

WHEREFORE, PRG prays that Plaintiff take nothing and be assessed all costs.

S/Tom Clarke
8026 Vantage Dr. #105
San Antonio, Tx 78230
210/340-8448
210/348-7946 Fax
tclarkeatty7@aol.com

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

A copy of the foregoing has been e-filed on March 6, 2020, with the court's CM/ECF electronic filing system which will give electronic notice to Plaintiff's attorney of record.

S/Tom Clarke