UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BREE MCCLESKEY, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NUMBER: 1:20-cv-00166-ML |
| | § | |
| TOLTECA ENTERPRISES, INC. | § | |
| D/B/A THE PHOENIX RECOVERY | § | |
| GROUP, | § | |
| & SINGER MANAGEMENT, LLC, | § | |
| & GEORGETOWN PLACE, LTD. | § | |
| a/k/a GEORGETOWN PLACE | § | |
| APARTMENTS, | § | |
| & TRAVELERS CASUALTY | § | |
| AND SURETY COMPANY OF | § | |
| AMERICA, | § | |
| *Defendants* | § | DEMAND FOR JURY TRIAL |
| . | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Bree McCleskey ("Plaintiff" or "McCleskey" herein), brings this action against Defendants, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group ("Phoenix" or "Defendant" herein), Singer Management, LLC ("Singer Management" herein), Georgetown Place, LTD. a/k/a Georgetown Place Apartments ("Georgetown Place" herein), and Travelers Casualty & Surety Company of America ("Travelers" herein) and will show as follows:

1

## PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA and TDCA.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendants' violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## **THE PARTIES**

7. Plaintiff, Bree McCleskey, is an individual who resides in Travis County, Texas.

8. Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group, is a Texas corporation and has made an appearance in this lawsuit.

9. Defendant, Georgetown Place, LTD. a/k/a Georgetown Place Apartments, is a creditor and former landlord of Plaintiff and believed to be a Foreign limited partnership which can be served at the following address:

> Michael Casias (registered agent)
> 500 East 4th Street, Suite 525
> Austin, TX 78701-78701

10. Defendant, Singer Management, LLC, is the property management company and agent of Georgetown Place. Plaintiff is in the process of establishing service information.

11. Defendant, Travelers Casualty & Surety Company of America, is a foreign corporation organized and existing under the laws of the State of Connecticut, whose principal address is One Tower Square, Hartford, Connecticut 06183, is authorized to do business in Texas and may be served with process by serving its registered agent, Corporation Service Company at:

> Corporation Service Company
> 211 E. 7th Street, Ste. 620
> Austin, TX 78701-3218

## FACTUAL ALLEGATIONS

12. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

13. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes in connection to a residential apartment lease at Georgetown Place Apartments ("alleged debt" herein).

14. Defendant Georgetown Place is the former landlord of Plaintiff and the original creditor of the alleged debt.

15. Defendant Singer Management is the property management company and agent for Georgetown Place in connection to the underlying transactions that are the basis of this complaint.

16. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA and a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

17. Due to her financial circumstances, Plaintiff could not pay the alleged debt and the alleged debt subsequently went into default.

18. After default, Georgetown Place and Singer Management placed the alleged debt with Phoenix for collection.

19. Phoenix is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Phoenix is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

21. Georgetown Place is a "debt collector" as defined in § 392.001(6) of the TDCA.

22. Singer Management is a "debt collector" as defined in § 392.001(6) of the TDCA.

23. On or about November 1, 2019, Phoenix transmitted to Transunion information regarding the alleged debt, which listed the outstanding balance as $11,157.00.

24. On or about January 29, 2020, Phoenix also sent to the undersigned counsel an itemized statement ("Statement" herein) of the alleged debt (the Statement is attached and incorporated by reference as Exhibit A and partially redacted in accordance with FRCP 5.2).

25. The Statement indicated a balance due of $11,157.00, whereby approximately $9990.00, or nearly 90% of the total balance, was for accelerated future rent related to the lease termination. The Statement further encouraged Plaintiff to make a payment for the alleged debt.

26. Under Texas, law, a landlord in a residential lease has a statutory duty to mitigate damages [1]. Consequently, Plaintiff was entitled to a significant credit toward the alleged debt.

27. Plaintiff now has information and belief that Georgetown Place promptly re-let Plaintiff's leasehold with a replacement tenant with a higher rental amount, less than 60 days after Plaintiff vacated the premises.

28. Phoenix has now confirmed (after the filing of Plaintiff's Original Complaint) that it considers the correct balance of the alleged debt to be less than $2500.00.

29. Plaintiff therefore alleges that the transmission of the credit reporting balance of $11,157.00 to Transunion by Phoenix was false and misleading.

---

[1] **Texas Property Code 91.006**
    (a) A landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease.
    (b) A provision of a lease that purports to waive a right or to exempt a landlord from a liability or duty under this section is void.

30. The transmission of credit reporting information to Transunion was a "communication" as that term is defined in 15 U.S.C. § 1692a(2).

31. The transmission of credit reporting information to Transunion was a form of "debt collection" as that term is defined by § 392.001(5).

32. Phoenix continued to report an incorrect balance of $11,157.00 to at least one credit bureau of Plaintiff, Transunion as recently as February, 2020, which has resulted in actual damages to Plaintiff.

33. Phoenix has on file with the Texas Secretary of State a $10,000.00 bond wherein Travelers is the surety and Phoenix is the principal. The bond is in favor of any person who is damaged by Phoenix's violation of Chapter 392 of the Texas Finance Code. Tex.Fin. Code § 392.101(b)(1). The liability of Travelers as surety may not exceed the amount of the bond. Tex.Fin. Code § 392.102.

34. Plaintiff alleges that Georgetown Place and Singer Management jointly engaged in debt collection of the alleged debt, at the very least, by the assignment of the alleged debt to Phoenix and by their collective efforts to control and influence the collection of the alleged debt from Plaintiff.

## COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

36. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

> **(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

37. Plaintiff alleges that the transmission of false credit information to Transunion by Phoenix materially overstated the balance of the alleged debt.

38. Defendant Phoenix misrepresented the amount of the alleged debt and therefore violated the TDCA.

39. Defendant Georgetown misrepresented the amount of the alleged debt and therefore violated the TDCA.

40. Defendant Singer Management misrepresented the amount of the alleged debt and therefore violated the TDCA.

41. Plaintiff alleges she has actual damages as a result of the foregoing violations.

7

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

43. **15 U.S.C. § 1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
    (A) the character, amount, or legal status of any debt;**

    **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

44. Phoenix violated sections (2)(A) and (10) of 15 U.S.C. § 1692e by falsely stating an unpaid balance of $11,157.00 to Transunion, notwithstanding the fact that the unpaid balance was for a materially lower amount.

45. Phoenix further violated section e(8) by transmitting incorrect information related to the amount of the alleged debt to Transunion.

.

**LIABILITY OF TRAVELERS**

46. Plaintiff alleges Travelers is liable for the extent of any judgment against Defendant Phoenix in this cause.

**JOINT ENTERPRISE**

47. Plaintiff alleges that all of the Defendants are collectively liable under the TDCA for the actions of one other under a theory of joint enterprise as (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. See Shoemaker v. Estate of Whistler, 513 S.W.2d 10, 18 (Tex.1974).

**VICARIOUS LIABILITY**

48. Plaintiff alleges that Georgetown Place is liable for the actions of Singer Management by virtue of vicarious liability and/or agency.

49. Plaintiff further alleges that Georgetown Place and Singer Management are liable for the actions of Phoenix by virtue of vicarious liability and/or agency.

**TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

50. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction that orders Phoenix to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEY'S FEES

51. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and TDCA and any other statutory or common law basis.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bree McCleskey, respectfully prays that the Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group, Georgetown Place, LTD. a/k/a Georgetown Place Apartments, Singer Management, LLC, and Travelers Casualty & Surety Company of America, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, as follows:

   a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Phoenix to correct the improper reporting of the Alleged Debt on all of the credit bureaus of Plaintiff;

   b. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2);

   c. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

   d. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and (a)(2);

   e. The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and any other applicable statute or legal basis;

f.  The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

g.  The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

                Respectfully submitted,

                /s/Brent A. Devere
                Brent A. Devere
                SBN#00789256
                1411 West Avenue, Suite #200
                Austin, Texas 78701
                Ph: 512-457-8080 Fax: 512-457-8060
                Email: BDevere@1411west.com
                Attorney for Plaintiff

                *Bree McCleskey*