UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BREE McCLESKEY                                           *

V.                                                                      *      Civil Action No. 1:20-CV-00166

TOLTECA ENTERPRISES INC.,
 DBA PHOENIX RECOVERY GROUP              *

## DEFENDANT TOLTECA'S FIRST AMENDED ANSWER

Now comes Defendant Tolteca Enterprises Inc., dba Phoenix Recovery Group who answers

the Plaintiff's First Amended Complaint.

1.  ¶1, Defendant denies any violations of the FDCPA and TDCA.

2,  ¶2, Defendant reserves the right to challenge jurisdiction.

3.  ¶3, Defendant does not contest venue in this district.

4.  ¶4, Defendant denies that Plaintiff sustained an injury in fact and denies there was any

"collective action" and denies that Plaintiff's claims are redressable by a favorable decision.

Defendant is an independent contractor and is not vicariously liable for the actions or failure to act

of any co-Defendant.

5.  ¶5, Defendant denies it caused Plaintiff any concrete injury in fact and Defendant denies

that it violated the FDCPA or TDCA.

6.  ¶6, Defendant is unable to admit or deny this paragraph because the terms "informational

injury" is vague and ambiguous and in any event, Defendant would deny causing any such injury to

Plaintiff.

7.  ¶7, Defendant is without sufficient information to admit or deny whether Plaintiff resides

in Travis County, Texas.

8.  ¶8, Defendant admits that it is a Texas corporation.

9.  ¶9, This allegation does not pertain to Defendant therefore Defendant cannot admit or deny the allegation.

10. ¶10, This allegation does not pertain to Defendant therefore Defendant cannot admit or deny the allegation.

11. ¶11, Defendant will admit that Travelers is its bond company.

12. ¶12, Admit. On information and belief, Plaintiff is a consumer.

13. ¶13, Admit.

14. ¶14, Admit.

15. ¶15, Admit.

16. ¶16, Admit.

17. ¶17, Unable to admit or deny due to insufficient information.

18. ¶18, on information and belief, Plaintiff defaulted.  The account was placed with Defendant for collection by Georgetown Place and/or Singer Managment.

19. ¶19, Admit.

20. ¶20, Admit.

21. ¶21, This allegation does not pertain to Defendant.  Unable to admit or deny.

22. ¶22,  This allegation does not pertain to Defendant.  Unable to admit or deny.

23. ¶23, The allegation is admitted if the date is correct.

24. ¶24,   The allegation is admitted if the date is correct.

25. ¶25, this allegation is a statement of Plaintiff's position or opinion and Defendant is therefore unable to admit or deny.

26. ¶26, this allegation is a conclusion of law that Plaintiff asserts is applicable to this case

and therefore Defendant is unable to admit or deny.  Furthermore, the allegation would appear to directed to the co-Defendants, Georgetown Place and/or Singer Management.

27.  ¶27, Defendant is unable to admit or deny the allegation because such information was not communicated to Defendant by Georgetown Place.

28.  ¶28, Admit but such information only came to Defendant after the debt was placed for collection and after receiving information after Plaintiff's lawyer disputed the debt.  Before then the debt was assumed to be owed and valid as 1) Defendant relied on the account information sent to it by the Plaintiff's creditor; and, 2) Plaintiff did not timely dispute the debt with Defendant and therefore the debt was presumed valid under the FDCPA and TDCA.  Furthermore, Defendant invokes the "bona fide" error and "good faith" defenses.

29.  ¶29, Plaintiff's allegation is denied.  Furthermore, the allegation is vague and ambiguous as not being limited to any particular time frame.  In any event, Defendant denies any reporting was false and misleading.

30.  ¶30, Admit.

31.  ¶31, Admit.

32.  ¶32, Denied that an incorrect balance was intentionally, knowingly, or recklessly reported and denied that Plaintiff sustained any actual damages.  Any claim of causation of damages is denied.  In any event, Defendant alleges the defenses of "bona fide error" and "good faith".

33.  ¶33, Admit.  Deny that Defendant violated the TDCA or any violation of Chapter 392 of the Tex. Fin. Code.

34.  ¶34, This allegation pertains to co-Defendants Georgetown Place and Singer Management.  Also, Defendant denies it was "assigned" the debt and denies any "collective efforts" occurred and in any event the allegation is vague, indefinite, and lacking in fair notice.

35. ¶35, Defendant realleges the foregoing.

36. ¶36, The paragraph is a recitation about Chapter 392, Section 304 of the Tex. Fin. Code for which no admission or denial is required.

37. ¶37, Defendant denies it transmitted false information to Transunion.

38. ¶38, Defendant denies it misrepresented the amount of the debt and denies it violated the TDCA.

39. ¶39, this allegation pertains to a co-Defendant.

40. ¶40, this allegation pertains to a co-Defendant.

41. ¶41, Defendant denies Plaintiff has actual damages and denies that it violated the FDCPA, TDCA or any other laws as the Plaintiff has or may allege.

42. ¶42, Defendant realleges the foregoing.

43. ¶43, The paragraph is a recitation about 15 USC §1692(e)(2)(A) and 10, for which no admission or denial is required.

44. ¶44, Defendant denies it violated 15 USC §1692(e)(2)(A) and 10 and denies making any false statements.

45. ¶45, Defendant denies it violated 15 USC §1692(e)(8).

46. ¶46, this allegation is directed against Travelers who will seasonably respond.

47. ¶47, Defendant denies any type of vicarious liability including but not limited to any theory of joint enterprise. Defendant is an independent contractor and is not controlled by any co-Defendant in any form or fashion. The allegation is patently frivolous.

48. ¶48, is directed to co-Defendants Georgetown Place and Singer Management. In any event, Defendant Phoenix denies any vicarious liability. The allegation is frivolous.

49. ¶49, is directed to co-Defendants Georgetown Place and Singer Management. In any

event, Defendant Phoenix denies any vicarious liability.  The allegation is frivolous.

50.  ¶50, any purported inaccuracy has been corrected.  Therefore, there are no grounds for any injunction and in any event, Defendant denies any improper reporting.

51.  ¶51. Defendant denies violating the FDCPA, TDCA or any other debt collection laws therefore, Defendant denies that Plaintiff is entitled to attorney fees from Defendant under any laws or basis.

52.  Defendant denies any liability to Plaintiff and that her Complaint should be dismissed with prejudice and that Plaintiff should take nothing from Defendant and that Defendant's bond company, Travelers, be adjudged to have no liability on its bond.

53.  As affirmative defenses Defendant alleges:

a.  Defendant alleges the statute of limitations as to each and every allegation under the FDCPA and TDCA;

b.  Defendant alleges that it promptly terminated any collection activity after receiving a dispute from Plaintiff's lawyer and acted promptly to update Plaintiff's account and notified Transunion to mark the account as disputed; and, therefore, this case is moot, without controversy, no concrete injury in fact occurred, and this case should be dismissed;

c.  Defendant alleges that Plaintiff did not seasonably dispute the debt which means the debt was presumed valid in amount or character under provisions of 15 USC §1692g(a)(3) and which means Defendant was allowed to continue to collect the debt as per the provisions of 15 USC §1692c( c );

d.  Defendant alleges that Georgetown Place and/or Singer Management told Defendant the Plaintiff's account was owed and accurate and warranted same so any fault regarding the debt's amount or its character lies solely with such co-Defendants;

e.  Defendant alleges it did not intentionally, knowingly or recklessly seek to collect an inaccurate debt from Plaintiff and that it reasonably relied on the account information from Georgetown Place and/or Singer Management who represented the debt was owed and valid in amount and character; therefore Defendant alleges that it did not engage in any false or misleading representations under the FDCPA including any claims under 15 USC §1692e(2)(A), 8, 10 or under Chapter 392, Section 304 of the Tex. Fin. Code;

f.  Defendant alleges the affirmative defense of good faith reliance on the creditor's information as to Plaintiff's account and that Defendant was privileged to rely on the creditor's information about the Plaintiff;

g.  Defendant alleges the affirmative defense of "bona fide error" set forth in 15 USC §1692k( c ) of the FDCPA and under Tex. Fin. Code §392.401.  Defendant would show that Georgetown Place and/or Singer Management did not promptly inform Defendant that Plaintiff's apartment unit had been re-let or that her account balance needed any adjustment or that her account balance was inaccurate.  Defendant would show that when the account was placed with Defendant by the co-Defendants that was their representation and warranty that Plaintiff owed the amount when the account was originally placed and thus at that time the account balance was  accurate then and was reasonably believed to be accurate.  But co-Defendants breached their duty, obligation,  and warranty to update Defendant that Plaintiff's apartment had been re-let which had the effect, as Plaintiff herein claims, of mitigating and changing the debt amount Plaintiff owed.  Therefore, Defendant alleges that the co-Defendants breached their agreement with Defendant, misrepresented information about Plaintiff's account and they were negligent in handling Plaintiff's account.  All fault lies with the co-Defendants and they should indemnify Defendant from Plaintiff's claims in this lawsuit and for the amount of any penalties, costs, attorney fees or damages due to their wrongful

conduct as alleged herein;

h.  Defendant alleges that it is an independent company and contractor acting at arms length in regard to the collection of any debt from the Plaintiff for or on behalf of Georgetown Place and/or Singer Management and any acts or omissions or wrongful conduct they did or any inaccurate information they had regarding the Plaintiff's debt is not imputable to Defendant and Defendant has no vicarious liability herein under any theory of agency, joint enterprise, concert of action, collective action or the like.  Any and all claims of vicarious liability are denied and are frivolous;

i.  Plaintiff did not sustain any actual damages;

j.  Plaintiff did not mitigate any damages;

k.  Defendant was not the proximate or producing cause of any injury or damages to Plaintiff;

l.  Plaintiff's own actions in breaching her lease agreement in this matter is a cause of any of Plaintiff's damages;

m.  Plaintiff is not entitled to any injunction as her claims are moot, without proof, and are not allowed under the FDCPA, *Sibley v. Fulton DeKalb Coll. Service,* 677 F.2d 830 (11th Cir. 1982) and there is no statute under the FDCPA that allows for injunctive relief;

m.  Defendant adjusted Plaintiff's account  after her lawyer disputed the account and the account was re-investigated and after that occurred, her credit report was updated.  Therefore there no longer is any justiciable claim against Defendant and this case against Defendant is moot and there no longer is a controversy;

n.  Plaintiff no longer has an active controversy and sustained no concrete injury in fact and if there was any informational injury that is a bare procedural violation which is insufficient to support federal jurisdiction and fails to state a claim for relief;

o.  Plaintiff is not entitled to any relief against Defendant under the TDCA because she

sustained no damages and has no grounds for injunctive relief;

p.  On information and belief the Plaintiff lacks credit or creditworthiness and therefore she has sustained no informational injury or any other type or kind of injury;

q.  Defendant alleges that Plaintiff is not entitled to recover anything from this Defendant because Defendant did not violate the FDCPA and/or the TDCA and Plaintiff cannot double up on any statutory penalties under the one satisfaction doctrine of law;

r.  Defendant alleges that Plaintiff's Complaint is groundless, frivolous, brought in bad faith and harassing and for those reasons Defendant should recover its costs and attorney fees for the defense of this case;

s.  Furthermore, Defendant denies it violated the FDCPA, TDCA or any other laws including the common law and therefore it generally denies each and every allegation of the Plaintiff, all liability being denied.

WHEREFORE, Defendant prays this lawsuit be dismissed against it with prejudice and that Plaintiff take nothing and pay its defense costs and attorney fees.  Defendant prays for such other relief as may be just.  The same relief should be accorded to Travelers.

S/Tom Clarke
Texas Bar No. 04318600
8026 Vantage Drive, Suite 105
San Antonio, Texas 78230
tclarkeatty7@aol.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

This document has been e-filed with the court's CM/ECF electronic filing system on December 2, 2020, which will give electronic notice to Plaintiff's attorney, Brent Devere.

S/Tom Clarke