UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BREE McCLESKEY                                    *

V.                                                *     Civil Action No. 1:20-CV-00166

TOLTECA ENTERPRISES INC.,
 DBA PHOENIX RECOVERY GROUP et al        *

**MOTION TO COMPEL DISCOVERY**

      Tolteca Enterprises Inc., dba Phoenix Recovery Group ("PRG") moves under Rule 37 of the Federal Rules of Civil Procedure for a court order compelling Plaintiff to provide a full and complete discovery response and to overrule Plaintiff's objections to the requested discovery.   Sanctions should be imposed on Plaintiff for engaging in evasive and non responsive discovery conduct regarding Request for Production No. 2, Interrogatory No. 2, Interrogatory No. 6, Request for Production No. 6, Interrogatory No. 7, Request for Production No. 7, Request for Production No. 9 on credit reports, and Request for Production No. 9 on actual damages and Interrogatory No. 14.

      1.   Plaintiff sued PRG alleging a "concrete" injury and an "informational" injury.   *See, Plaintiff's First Amended Complaint, Doc. 30, paragraphs 5 and 6.*   Plaintiff claims she has "actual damages" as a result of PRG's conduct.   *Plaintiff's First Amended Complaint, Doc. 30, paragraphs 41, prayer for damages, subsection "b" and "d".*

      2.   PRG has sought discovery about Plaintiff's damages and her claim of injury.    Plaintiff has failed to provide full and complete answers and documents  about her damages and injury claims.   Plaintiff has engaged in discovery abuse by claiming the need to "supplement" and to acquire "more information" on these claims.   Plaintiff has claimed that Defendant negatively

1

impacted her credit and affected her ability to obtain suitable housing.  Plaintiff has not provided adequate discovery and documentation regarding the discovery.  Plaintiff has been evasive and non-responsive which hampers PRG's ability to prepare its defenses in this lawsuit.

3. More specifically, PRG asked Plaintiff to produce any and all records showing, evidencing and referencing any damages she is claiming in her lawsuit.  *See, Request for Production No. 2.* Plaintiff's responses is that she will "supplement" as she acquires more information on whether PRG impacted her credit.   This case has been on the docket for months.  How much time does Plaintiff need to compile her damages?  Is PRG supposed to wait for Plaintiff's supplemental information? Plaintiff brought the lawsuit and she is the one alleging damages and impact on her credit. Therefore, it is incumbent on her to provide discovery responses pertaining to her damages and claim of injury.

Also, PRK asked Plaintiff to itemize, identify and describe her damages and the negative impact on her credit.  *See, Interrogatory No. 2 and No. 14, for example.*  Plaintiff says she is investigating her actual damages and about any impact on her credit.  Plaintiff has not provided adequate and fair responses to the requested discovery.

Additionally, Plaintiff has failed to adequately respond to Interrogatories 6 and 7 which asked for the factual basis supporting Plaintiff's contention that PRG violated the Texas Debt Collection Act and the Federal Fair Debt Collections Practices Act.  Plaintiff's response is "look at the Complaint".  That is evasive and non-responsive and is not a proper discovery response.  The Complaint is not a substitute for providing evidence and does not detail the factual basis.  The Complaint does not clarify the issues.  *Ferko v. NASCAR,* 218 F.R.D. 125 (E.D. Tex. 2003); *Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340 (1978).

Then, Plaintiff was asked to produce her credit report from Experian, Equifax and Transunion. Plaintiff has evaded the Request by attaching redacted reports that "reference the particular account" that is the basis of the Complaint. Since it's the Plaintiff who has claimed damages, impact on her credit, and an informational injury, her *full* credit report is essential for PRG to defend against Plaintiff's allegations. A snippet is insufficient.

Plaintiff makes meritless objections about being irrelevant, not likely to lead to the discovery of admissible evidence, claims of privacy, and a fishing expedition. Clearly, the discovery is highly relevant to Plaintiff's claims and PRG's defense. It is not enough to simply refer PRG to just the particular credit entry concerning her debt arising from her lease agreement with Georgetown Place apartments, and is not enough to tell PRG to look at her Complaint. While it is proper to answer discovery by referring to business records, the Complaint is not a business record.

Plaintiff is withholding vital information about her other credit problems, charge offs, and negative credit entries. In order for PRG to find about her claim of an "informational" injury or adverse "impact" on her credit, her full and complete credit reports are needed to show that Plaintiff has poor credit and other negative credit entries. PRG has an essential need to rebut Plaintiff's claim about her credit being adversely impacted or her problems regarding her ability to obtain credit or obtain "suitable housing". This information is needed to show that PRG did not cause an adverse impact on her credit. PRG suspects that Plaintiff has poor to bad credit so any adverse impact on her credit or to obtain "suitable housing" is likely due to her poor to bad credit and not due to anything she asserts against PRG. Plaintiff's concealment of this vital information is grossly unfair to PRG and impairs its ability to defend against Plaintiff's claims. *See, Fed. R. Civ. P. 37(a)(3) which states that an evasive answer or response is a failure to disclose, answer or respond.* PRG

3

is entitled to the requested discovery to prevent trial by ambush.

PRG needs the requested to discovery and cannot secure the information except through Plaintiff. *See, Fed. R. Civ. P., Rule 26( b)(1),* parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....

PRG's discovery requests target the issues Plaintiff has raised in her lawsuit. Clearly, PRG is entitled to the discovery.

Furthermore, Plaintiff admitted in her Complaint that she has financial problems and could not pay the debt involved in this lawsuit and caused her to default on her lease with Georgetown Place apartments. *See, Plaintiff's First Amended Complaint, paragraph 17.* Consequently, Plaintiff has put in issue her finances and creditworthiness. Plaintiff's finances and credit reports are reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff cannot sue PRG for an "informational" injury and damages but not allow PRG to conduct discovery about her allegations of injury, negative credit impact and damages. Plaintiff cannot have this both ways.

5. Plaintiff's objections of privacy, relevancy, fishing expedition and not likely to lead to admissible evidence are frivolous and should be overruled. Furthermore, Plaintiff's claims of privilege are vague and without proper identification of the privilege asserted. For example, Plaintiff claims a vague assertion of privilege regarding "constitutional" privacy relating to marriage, procreation, contraception, family relations, child rearing and education. That assertion of privilege has absolutely nothing to do with the discovery PRG seeks to obtain concerning Plaintiff's claims of damages and injury. Plaintiff's credit history, creditworthiness and damages is something Plaintiff has put in issue. Plaintiff waived any privacy claim about her credit when she brought this lawsuit.

Certainly there is nothing about her credit report and damages claims that has anything to do with marriage, procreation, contraception, etc.  The privilege assertion is frivolous and vexatious.

6.  Plaintiff is entitled to obtain her own credit report.  PRG cannot lawfully obtain such a report but Plaintiff can get her own credit report.

7.  PRG attaches Plaintiff's discovery responses as Exhibit 1 in support of this motion.

8.  PRG includes a certificate of conference concerning this matter.

9.  PRG asks for the amount of three hours of attorney time to present and prosecute this motion at the hourly rate of $300/hour.

WHEREFORE, PRG asks that Plaintiff's objections be overruled; that Plaintiff be ordered to produce her credit reports from Experian, Equifax and Experian for 2019 to the present, to produce and respond to the discovery about her damages and for such other relief as may be just.

S/Tom Clarke
Texas Bar # 04318600
8026 Vantage Dr., Suite 105
San Antonio, Texas 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com
Attorney for Tolteca Enterprises Inc., &
Travelers Casualty & Surety Co of America

**CERTIFICATE OF CONFERENCE & DECLARATION**

I declare under penalty of perjury that the following is on my knowledge true and correct.
My name is Tom Clarke.  I am counsel for Defendants Tolteca Enterprises Inc., and Travelers Casualty & Surety Co of America.  I contacted Plaintiff's counsel about the discovery being sought as described hereinabove.  I made a good faith effort to obtain the requested discovery.  Plaintiff's lawyer would not agree to provide the requested discovery so this matter is presented to the court for determination.   I am licensed to practice in the Western District of Texas in all divisions.  I am also admitted to the District of Colorado, District of Ohio Columbus Division, and other district courts in Texas.  I have been a lawyer practicing litigation for some 30 years.  I am familiar with attorney fees in the Western District of Texas.   The amount of $300 per hour is fair, customary and

reasonable.  I have expended and will expend 3 hours of my professional time on this matter.  An award of $900 for attorney fees for my efforts in handling this motion is reasonable and necessary.

S/Tom Clarke

## **CERTIFICATE OF SERVICE**

On December 28, 2020, the foregoing was e-filed with the court's ECF/CM electronic filing system which will give electronic notice to Brent Devere, Attorney for Plaintiff.

S/Tom Clarke