# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BREE MCCLESKEY, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER: 1:20-cv-00166-ML |
| | § | |
| | § | |
| | § | |
| TOLTECA ENTERPRISES, INC. | § | |
| D/B/A THE PHOENIX RECOVERY | § | |
| GROUP, | § | |
| & SINGER MANAGEMENT, LLC, | § | |
| & GEORGETOWN PLACE, LTD. | § | |
| a/k/a GEORGETOWN PLACE | § | |
| APARTMENTS, | § | |
| & TRAVELERS CASUALTY | § | |
| AND SURETY COMPANY OF | § | |
| AMERICA, | § | |
| *Defendants* | § | DEMAND FOR JURY TRIAL |
| . | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Bree McCleskey ("Plaintiff" or "McCleskey" herein), brings this action against Defendants, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group ("Phoenix" or "Defendant" herein), Singer Management, LLC ("Singer Management" herein), Georgetown Place, LTD. a/k/a Georgetown Place Apartments ("Georgetown Place" herein), and Travelers Casualty & Surety Company of America ("Travelers" herein) and will show as follows:

1

## PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA and TDCA.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendants' violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Bree McCleskey, is an individual who resides in Travis County, Texas.

8. Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group, is a Texas corporation and has made an appearance in this lawsuit.

9. Defendant, Georgetown Place, LTD. a/k/a Georgetown Place Apartments, is a creditor and former landlord of Plaintiff and believed to be a Foreign limited partnership which can be served at the following address:

> Michael Casias (registered agent)
> 500 East 4th Street, Suite 525
> Austin, TX 78701-78701

10. Defendant, Singer Management, LLC, is the property management company and agent of Georgetown Place.

11. Defendant, Travelers Casualty & Surety Company of America, is a foreign corporation organized and existing under the laws of the State of Connecticut, whose principal address is One Tower Square, Hartford, Connecticut 06183, is authorized to do business in Texas and may be served with process by serving its registered agent, Corporation Service Company at:

> Corporation Service Company
> 211 E. 7th Street, Ste. 620
> Austin, TX 78701-3218

## FACTUAL ALLEGATIONS

12. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

13. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes in connection to a residential apartment lease at Georgetown Place ("alleged debt" herein).

14. Defendant Georgetown Place is the former landlord of Plaintiff and the original creditor of the alleged debt.

15. Defendant Singer Management is the property management company and agent for Georgetown Place in connection to the underlying transactions that are the basis of this complaint.

16. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA and a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

17. Due to her financial circumstances, Plaintiff could not pay the alleged debt and the alleged debt subsequently went into default.

18. After default, Georgetown Place and Singer Management placed the alleged debt with Phoenix for collection.

19. Phoenix is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Phoenix is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

21. Georgetown Place is a "debt collector" as defined in § 392.001(6) of the TDCA.

22. Singer Management is a "debt collector" as defined in § 392.001(6) of the TDCA.

23. On or about November 1, 2019, Phoenix transmitted to Transunion information regarding the alleged debt, which listed the outstanding balance as $11,157.00.

24. On or about January 29, 2020, Phoenix also sent to the undersigned counsel a fax which contained both a 1) validation letter followed by an 2) itemized statement (itemized statement is "Statement" herein) of the alleged debt (the validation letter and Statement are collectively attached and incorporated by reference as Exhibit A and partially redacted in accordance with FRCP 5.2).

25. Exhibit A was directed to Plaintiff and contained Plaintiff's name and prior mailing address (redacted as per FRCP 5.2).

26. Plaintiff has information and belief that Phoenix may have also mailed Exhibit A to the former address of Plaintiff, in so much as Plaintiff's address was listed below her name.

27. The Statement indicated a balance due of $11,157.00, whereby approximately $9990.00, or nearly 90% of the total balance, was for accelerated future rent related to the lease termination.

28. The page of Exhibit A containing the letter/validation further encouraged Plaintiff to make a payment for the alleged debt to Phoenix and indicated "we accept various payment methods" and further provided a website to make the payment.

29. The page of Exhibit A containing the letter/validation stated: "We[Phoenix] have investigated your dispute and found that all information regarding your account is accurate".

30. Plaintiff now has confirmed through discovery that Georgetown Place promptly re-let Plaintiff's leasehold with a replacement tenant for a higher rental amount, not more than 60 days after Plaintiff vacated the premises.

31. Under Texas, law, a landlord in a residential lease has a statutory duty to mitigate damages [1]. Consequently, Plaintiff was entitled to a significant credit toward the alleged debt.

32. Phoenix has now admitted (after the filing of Plaintiff's Original Complaint) that it considers the correct balance of the alleged debt to be less than $2500.00.

33. Plaintiff therefore alleges that the transmission of the credit reporting balance of $11,157.00 to Transunion by Phoenix was materially false and misleading.

34. The transmission of credit reporting information to Transunion was a "communication" as that term is defined in 15 U.S.C. § 1692a(2).

35. The faxing of Exhibit A, including the validation letter and Statement, by Phoenix directly to the undersigned counsel but addressed to Plaintiff with Plaintiff's address, was a "communication" as defined by 15 U.S.C. § 1692a(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

36. The mailing of Exhibit A, including the validation letter and Statement, by Phoenix directly to the Plaintiff, to the extent it occurred, was a "communication" as defined by 15 U.S.C. § 1692a(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

37. The transmission of credit reporting information to Transunion by Phoenix was a form of "debt collection" as that term is defined by § 392.001(5) of the TDCA.

---

[1] **Texas Property Code 91.006**
   (a) A landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease.
   (b) A provision of a lease that purports to waive a right or to exempt a landlord from a liability or duty under this section is void.

6

38. Phoenix continued to report an incorrect balance of $11,157.00 to at least one credit bureau of Plaintiff, Transunion, as recently as February, 2020, which has resulted in actual damages to Plaintiff.

39. Phoenix has on file with the Texas Secretary of State a $10,000.00 bond wherein Travelers is the surety and Phoenix is the principal. The bond is in favor of any person who is damaged by Phoenix's violation of Chapter 392 of the Texas Finance Code. Tex.Fin. Code § 392.101(b)(1). The liability of Travelers as surety may not exceed the amount of the bond. Tex.Fin. Code § 392.102.

40. Plaintiff alleges that Georgetown Place and Singer Management jointly engaged in debt collection of the alleged debt, at the very least, by their assignment of the alleged debt to Phoenix and by their collective efforts to direct and influence the collection of the alleged debt from Phoenix.

41. Plaintiff further alleges that Georgetown Place and Singer Management jointly communicated with Phoenix false information regarding the alleged debt. At the very least, Georgetown Place and Singer Management sent to Phoenix the Statement, which contained materially inaccurate information, and with full knowledge that the subject apartment was promptly relet.

42. Plaintiff alleges that Georgetown Place and Singer Management were aware that Phoenix would send Exhibit A, including the itemization portion of the Statement, to Plaintiff, notwithstanding the fact that it was materially inaccurate.

43. Plaintiff alleges that Georgetown Place and Singer Management were aware that Phoenix was reporting false information in the name of Phoenix to the credit bureaus of Plaintiff over a period of at least one year.

44. Plaintiff alleges that Phoenix knew or should have known that the information in Exhibit A was materially inaccurate because a) approximately 90% of the Statement was attributed to accelerated rent and b) Phoenix had at least a year to verify possible reletting of the leasehold before sending Exhibit A to Plaintiff and before transmitting false information to Plaintiff's credit bureaus.

45. Plaintiff alleges that Phoenix should have investigated the alleged debt to confirm the accuracy of the Statement and the issue of mitigation of damages, especially given the high amount of accelerated rent.

46. Plaintiff alleges that Phoenix should have investigated the issue of mitigation of damages, given the fact that Exhibit A and the adverse credit reporting occurred well over one year period from the alleged date of default from the lease and the reletting of the subject leasehold.

## COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

48. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

> **(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**
>
> **(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

49. Plaintiff alleges Phoenix violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the transmission of materially false credit information to Transunion regarding the balance of the alleged debt.

50. Plaintiff alleges Phoenix violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by sending Exhibit A to Plaintiff's counsel and/or Plaintiff, notwithstanding the fact that the account balance was materially overstated.

51. Plaintiff alleges that Defendant Georgetown Place misrepresented the amount of the alleged debt by transmitting to Phoenix an inaccurate Statement when Georgetown Place knew or should have known Phoenix would in turn transmit to Plaintiff's counsel and Plaintiff.

52. Plaintiff alleges that Defendant Singer Management misrepresented the amount of the alleged debt by transmitting to Phoenix an inaccurate Statement when Singer Management knew or should have known Phoenix would in turn transmit to Plaintiff's counsel and Plaintiff.

53. Plaintiff alleges she has actual damages as a result of the foregoing violations.

9

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

55. **15 U.S.C. § 1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
    (A) the character, amount, or legal status of any debt;**

    **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

56. Phoenix violated sections (2)(A) and (10) of 15 U.S.C. § 1692e by falsely transmitting the unpaid balance of $11,157.00 to Transunion, notwithstanding the fact that the unpaid balance was for a materially lower amount.

57. Phoenix further violated section e(8) of 15 U.S.C. § 1692e by transmitting incorrect information related to the amount of the alleged debt to Transunion.

58. Phoenix further violation sections (2)(A) and (10) of 15 U.S.C. § 1692e by faxing and/or mailing Exhibit A to counsel for Plaintiff and/or Plaintiff, notwithstanding the fact that the information in the Statement and validation letter was materially false.

## LIABILITY OF TRAVELERS

59. Plaintiff alleges Travelers is liable for the extent of any judgment against Defendant Phoenix in this cause.

## JOINT ENTERPRISE

60. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

61. Plaintiff alleges that all of the Defendants are collectively liable under the TDCA for the actions of one other under a theory of joint enterprise as (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. See Shoemaker v. Estate of Whistler, 513 S.W.2d 10, 18 (Tex.1974).

## VICARIOUS LIABILITY

62. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

63. Plaintiff alleges that Georgetown Place is liable for the actions of Singer Management by virtue of vicarious liability and/or agency.

64. Plaintiff further alleges that Georgetown Place and Singer Management are liable for the actions of Phoenix by virtue of vicarious liability and/or agency. At the very least Georgetown Place and Singer Management provided materially false information to Phoenix, including and not limited to the Statement, knowing that Phoenix would use this information to collect the alleged debt from Plaintiff.

11

65. Plaintiff further alleges that Georgetown Place and Singer Management allowed Phoenix to engage in improper collection practices for a period of at least one year since the reletting of the subject leasehold.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

66. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders Phoenix to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEY'S FEES

67. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and TDCA and any other statutory or common law basis.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bree McCleskey, respectfully prays that the Defendant, Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group, Georgetown Place, LTD. a/k/a Georgetown Place Apartments, Singer Management, LLC, and Travelers Casualty & Surety Company of America, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, as follows:

a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Phoenix to correct the improper reporting of the Alleged Debt on all of the credit bureaus of Plaintiff;

  b. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

  c. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

  d. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and (a)(2) and any other applicable provision;

  e. The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and any other applicable statute or legal basis;

  f. The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

  g. The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

    /s/Brent A. Devere
    Brent A. Devere
    SBN#00789256
    1411 West Avenue, Suite #200
    Austin, Texas 78701
    Ph: 512-457-8080 Fax: 512-457-8060
    Email: BDevere@1411west.com
    Attorney for Plaintiff

    *Bree McCleskey*

## CERTIFICATE OF SERVICE

I, Brent A. Devere, certify that on March 10, 2021 a true and correct copy of the foregoing pleading was served by the ECF system of the Western District of Texas on the following parties:

Mr. Tom Clarke
8026 Vantage Dr., Suite 105
San Antonio, Texas 78230

Daniel Durell
daniel.durell@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701-3055

/s/Brent A. Devere
Brent Devere